IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

YRC, Inc., d/b/a YRC Freight,

Plaintiff,

vs.                                   Case No. 14-2067-JTM

Motorcar Parts of America, Inc.,

Defendant.

MEMORANDUM AND ORDER

Plaintiff YRC Inc. has brought the present action for breach of contract and settlement of account against defendant Motorcar Parts of America, Inc., seeking the costs for two shipments of goods. Motorcar has moved to stay or dismiss the action, contending that the actual real party in interest of YRC's complaint is a subsidiary of Motorcar, Fenwick Automotive Products, Ltd., which (along with seven affiliated companies) filed Chapter 7 bankruptcy petitions on June 10, 2013. For the reasons provided herein, the court finds that the present action should be stayed. [1]

---

[1] Also before the court is YRC's motion for leave to file a Surreply, ostensibly grounded on the need to respond to arguments newly made in Motorcar's Reply. Leave for a Surreply is denied, as the decisive issues (the specific application of Bankruptcy Code § 362(a)(3), and a stay under § 105) are not novel to the Reply but were explicitly referenced in Motorparts' orginal brief. (Dkt. 12 at 5, 12).

In responding to the motion, YRC advances the preliminary argument that this court lacks jurisdiction to decide whether to grant such a stay. The two cases cited by YRC, however, do not support this claim, holding more simply that a bankruptcy court's decision as to a stay is not controlled by the prior order of a state court. (Dkt. 26, at 9-10).

"[A] district court has jurisdiction to decide whether the automatic stay applies to a proceeding pending before it, over which it would otherwise have jurisdiction." *See Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1106–07 (9th Cir.2005). *See also E[3] Biofuels Mead v. QA3 Financial*, 384 B.R. 580, 581 (D. Kan. 2008) ("District courts retain jurisdiction to determine whether the stay applies to litigation pending before them, and to enter orders not inconsistent with the terms of the stay"). Accordingly, the court has the jurisdiction to determine whether the present action falls within the scope of the automatic stay.

YRC contends that Motorcar is not entitled to the protection of the stay accorded under section 362(a), which, as a general rule, is inapplicable to non-debtors. *See Medical Management Group, Inc. v. State*, No. WO-03-004, 2003 WL 21487310, *6 (10th Cir. BAP (Okla.) 2003) (statute "only protects debtors"). The plaintiff acknowledges that an exception exists if there are "unusual circumstances" or "'there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor.'" *Reliant Energy Services, Inc. v. Enron Canada Corp.*, 349 F.3d 816,

825 Bankr. L. Rep. P. 78, 940 (5th Cir. 2003) *citing A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986).

Thus, YRC contends that Motorcar can stay the action only if it falls into this narrow exception. It further argues that its action (in Counts I, II, and III) advances claims against Motorcar directly without reference to Fenwick, and otherwise (Counts IV, V, and VI) simply advances claims that Motorcar and Fenwick are "jointly and severally liable," and thus the action is not directed at the debtor Fenwick's "property." (Dkt. 26, at 25).

However, the general rule cited by YRC is inapplicable because Motorcar's motion explicitly rests on the stay which arises under § 562(a)(3), not § 562(a)(1). The former provision authorizes a stay to protect against "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." The court finds that the action is properly stayed under § 363(a)(3). *Medical Management*, the key case cited by YRC, was premised on other decisions arising under § 363(a)(1), and is not relevant here.

YRC cannot avoid the § 562(a)(3) stay by claiming that it is seeking to impose liability on Motorcar on a joint and several basis. First, the Complaint itself is devoid of any claim of joint and several liability under Kansas law. *See Misco Leasing, Inc. v. Bush*, 208 Kan. 45 (1971) (discussing elements of joint liability). More importantly, for purposes of § 5629(a)(3), the "property of the debtor" is broadly defined to include "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). As noted earlier, YRC argues that Motorcar and Fenwick are jointly and severally

liable for freight shipments undertaken by YRC. The plaintiff's claims — that contracts existed for shipments relating to Fenwick and that the contracts were breached — thus inherently creates the potential for a prejudicial effect on Fenwick's interests. *See In re Saint Vincents Catholic Med. Ctrs. of New York*, 449 B.R. 209, 217-18 (S.D.N.Y. 2011) ("the automatic stay provision is not limited solely to actions against the debtor, but rather bars actions even against third-parties that would have an adverse impact on the property of the estate"). Further, YRC's Complaint repeatedly advances arguments that the contracts were violated by Motorcar "or its agents" (Dkt. 1, ¶¶ 16, 17, 18, 34, 35, 43, 46, 55). In context, the Complaint thus implicates the actions of Fenwick in the creation and breach of the alleged contracts.

Here, YRC's claim against Motorcar *exactly* replicates its Proof of Claim filed against Fenwick in the Delaware bankruptcy proceeding. By any practical measure, maintenance of the present action will affect Fenwick's interests in its pre-petition contracts, and is properly enjoined. Other courts have reached similar results in actions against Motorcar which also relate to the Fenwick bankruptcy. *See Transplace Int'l v. Motorcar Parts of America*, slip op. at 8-9, No. BC524291 (LA Super. Ct. Apr. 3, 2014) (construing action against Motorcar as one which could have adverse impact on Fenwick).

In addition, a stay is also appropriate under § 105 of the Bankruptcy Code. (Dkt. 12, at 7). Section 105 grants courts the discretionary authority to enjoin actions against non-debtors where the  action could effectively damage the interests of the bankruptcy estate. *See In re Barney's, Inc.*, 200 B.R. 527, 531 (Bankr. S.D.N.Y. 1998) ("Courts apply § 105 of the

4

Bankruptcy Code to enjoin litigation against non-debtors when an adverse judgment in that litigation will collaterally estop the debtor in subsequent litigation").

YRC argues that § 105 cannot apply because such relief is not in the debtor's interest (Dkt. 26, at 15) and because any practical effect in terms of discovery is merely conclusory. (Dkt. 29, Exh. A, at 3). The court rejects both contentions. Maintenance of the present action will inherently prejudice the interests of the debtor by placing it in the dilemma of whether to participate in the action. Again, YRC explicitly argues that Motorcar and Fenwick are "joint and severally" liable to it. To avoid a judgment that a contract existed and was breached, Fenwick would be forced to abandon the protection of the automatic stay and participate in discovery in this action. Alternatively, if Fenwick chooses not to participate in discovery, as it is entitled, *see Schereer v. Carroll*, 150 B.R. 549, 552 (D. Vt. 1993), Motorcar's ability to respond to YRC's claims would be materially prejudiced.

The court notes that Motorcar further argues that YRC's claims are legally deficient, and contends that the two exhibits attached to the Complaint justify dismissal. Exhibit A summarizes the applicable shipments which underlie YRC's claims under Counts I, II, and III, while Exhibit B documents the claims advanced in Counts IV, V, and VI. According to Motorcar, Exhibit A is deficient, since it is merely "a self-serving manufactured document" rather than an independent contract. (Dkt. 12, at 12). Exhibit B, according to Motorcar, "trumps the allegations ... of a contractual relationship with Motorcar" because it only references Fenwick.

In contrast, YRC argues that the Complaint satisfies Fed.R.Civ.Pr. 8(a)(2), which

requires only that the plaintiff state his or her claim by giving "fair notice" of the grounds for the claim. *Bell Atl. v. Twombly*, 127 S.Ct. 1955, 1967 (2007). In the context of a contract claim, the plaintiff must give "enough factual matter (taken as true) to suggest that an agreement was made." *Id.* at 1965. Notably, the rule "does not require plaintiffs to attach a copy of the contract to a complaint alleging breach of that contract or to recite the contract terms verbatim." *See Daly v. United Healthcare Insurance Company*, No. 10–3032-LHK, 2010 WL 4510911, *3 (N.D.Cal. Nov. 1, 2010).

The court finds that it need not resolve the request for dismissal given the clear applicability of the stay. The request for dismissal is accordingly denied without prejudice. Any renewed motion to dismiss may be resolved after the resolution of the pending bankruptcy action.

IT IS ACCORDINGLY ORDERED this 26th day of June, 2014, that the defendant's Motion for Stay or Dismiss (Dkt. 11) is granted such that the present action is hereby stayed until the lifting of the stay in the Delaware bankruptcy action, and is otherwise denied. The plaintiff's request for surreply (Dkt. 29) is hereby denied.

 s/ J. Thomas Marten
J. THOMAS MARTEN, CHIEF JUDGE